1  Joseph Sweeney
   1233 Amberstone Lane
2  San Ramon, CA 94582
   (510) 717-2567
3  joe@courtreformllc.com
   *Pro Se*
4

FILED

MAY 1 5 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5          UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
6              OAKLAND DIVISION

7

8  JOSEPH SWEENEY,                        Case: **C17-** 2777  *EDL*

9              Plaintiff,
                                          COMPLAINT FOR DECLARATORY AND
10     vs.                                INJUNCTIVE RELIEF

11

12 TANI CANTIL-SAKAUYE, in her official
   capacity as Administrative Director of the
13 Judicial Council of California,

14 XAVIER BECERRA, in his official capacity
   as Attorney General of the State of
15 California,

16 JEFFERSON B. SESSIONS III, in his official
   capacity as Attorney General of the United
17 States of America,

18              Defendants.

19

20

21     **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

22     Plaintiff Joseph Sweeney, for his Complaint for Declaratory and Injunctive Relief

23 against Defendants, alleges as follows:

24

25              **INTRODUCTION**

26     1.     Domestic violence must be taken seriously because it harms children and

families. The tools that legislatures have given to the judicial system should be used to
27
prevent recurrences of violence. But 18 USC 922(g)(8)(B) and California's Domestic Violence
28
Prevention Act (Family Code 6200 – 6409, "DVPA") are vague and overbroad and the DVPA

1

1  is written such that it provides enormous incentives for a plaintiff to abuse the process,

2  which not only trivializes the plight of real victims of domestic violence, but it also subjects

3  innocent defendants to unwarranted deprivations of their liberties. These lost liberties

4  include the rights to parent a child, speak freely, move, associate, obtain and hold

5  employment, and bear arms.

6        2.      California courts apply the DVPA on an ad hoc, subjective basis and act under

7  color of law to illegally restrain speech, censor information, exclude evidence from legal

8  proceedings, impose sanctions that far exceed fines and restitutions of criminal

9  misdemeanors and felonies, cause financial hardship, and remove children from parents

10  under the lowest standard of proof with no right to an attorney or jury trial. The effects of

11  the DVPA are broad and not civil in nature—they have direct criminal consequences for

12  violations of orders, including jail time. These laws are used to allow family courts to

13  circumvent defendants' due process rights, such as higher burdens of proof, a right to an

14  attorney, and a right to a jury trial, while adjudicating allegedly criminal acts and subjecting

15  defendants to criminal-like penalties.

16        3.      Recent California appellate decisions have interpreted the DVPA so broadly

17  that virtually any speech or action can now be considered "abuse" so long as a family law

18  judge says so. No other group of government officers in our country is given greater

19  unchecked power than family law judges to abridge so many basic rights and liberties at will.

20  Some judges issue DVPA orders for minor, nonviolent offenses based on little supporting

21  evidence, while other judges fail to protect victims of severe, documented physical violence.

22  These failures of equal protection stem from the vague and overbroad nature of the DVPA

23  and from the improper financial and child custody incentives tied to the Act.

24        4.      The number of people impacted by domestic violence statutes is enormous. On

25  information and belief, there are more than 300,000 active domestic violence restraining

26  orders in California alone.

27        5.      Certain statutes of, and linked to, the DVPA, along with 18 USC 922(g)(8)(B)

28  are on their face, and as applied, unconstitutional. They violate the First, Second, Fifth,

1 | Eighth, and Fourteenth Amendments. Because these laws impact basic rights, their
2 | language and provisions must pass heightened scrutiny. They do not. No other set of laws
3 | cast such a broad net over peoples' speech and actions nor inflict such harsh consequences
4 | with so few protections. This Court is asked to declare unconstitutional parts of the most
5 | vague, overbroad, and abused set of laws on California's books and to do the same for the
6 | vague and overbroad language contained in 18 USC 922(g)(8)(B).

7 |

8 |                          **JURISDICTION AND VENUE**

9 |        6.      Subject matter jurisdiction is conferred upon this Court under 28 USC 1331,
10 | 1343, 1346, 42 USC 1983, and Rule 5.1 of the Federal Rules of Civil Procedure.

11 |        7.      Supplemental jurisdiction over Plaintiff's state law claims is authorized by 28
12 | USC 1367. Plaintiff's state law claims include alleged violations of fundamental rights, equal
13 | protection, and due process.

14 |        8.      Declaratory and injunctive relief may be granted under 28 USC 2201 and
15 | 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure

16 |        9.      Venue is proper in this district under 28 USC 1391 and 18 USC 1965 because
17 | Defendants reside in or conduct business in this district and a substantial part of the acts
18 | giving rise to the claims stated herein occurred within the district.

19 |

20 |                                **PARTIES**

21 |        10.     Plaintiff Joseph Sweeney is an individual residing in San Ramon, California.
22 | Sweeney has been and continues to be harmed by violations of the U.S. and California
23 | Constitutions under color of the laws complained herein.

24 |        11.     Defendant Tani Cantil-Sakauye is the Chief Justice of the Supreme Court of
25 | California and the Administrative Director of the Judicial Council of California. The Judicial
26 | Council creates standardized Forms to request and issue DVPA orders. Cantil-Sakauye is
27 | sued in her official capacity as Administrative Director of the Judicial Council of California.

28 |

1    12.    Defendant Xavier Becerra is the Attorney General of the State of California. In

2    his official capacity, he is responsible for the administration and enforcement of the DVPA

3    and related laws. Additionally, the California Department of Justice is responsible for

4    maintaining a Domestic Violence Restraining Order System as part of the California Law

5    Enforcement Telecommunications Systems ("CLETS") database, which registers persons

6    restrained by DVPA orders.

7    13.    Defendant Jefferson B. Sessions III is the Attorney General of the United

8    States of America, Department of Justice. In his official capacity, he is responsible for the

9    administration and enforcement of 18 USC 922(g)(8)(B).

10

11                    **CALIFORNIA'S DOMESTIC VIOLENCE PREVENTION ACT**

12    14.    Family Code 6220 declares the Legislative intent of the DVPA:

13        "The purpose of this division is to prevent acts of domestic violence, abuse, and
14        sexual abuse and to provide for a separation of the persons involved in the
          domestic violence for a period sufficient to enable these persons to seek a
15        resolution of the causes of the violence."

16    15.    Family Code 6300 establishes the burden to obtain a restraining order:

17        "An order may be issued under this part, with or without notice, to restrain
          any person for the purpose specified in Section 6220, if an affidavit or
18        testimony and any additional information provided to the court pursuant to
          Section 6306, shows, to the satisfaction of the court, reasonable proof of a past
19        act or acts of abuse. The court may issue an order under this part based solely
          on the affidavit or testimony of the person requesting the restraining order."
20
21    16.    Family Code 6203 defines "abuse":

        (a) For purposes of this act, "abuse" means any of the following:
22            (1) To intentionally or recklessly cause or attempt to cause bodily
                  injury.
23            (2) Sexual assault.
              (3) To place a person in reasonable apprehension of imminent
24                serious bodily injury to that person or to another.
              (4) To engage in any behavior that has been or could be enjoined
25                pursuant to Section 6320.
        (b) Abuse is not limited to the actual infliction of physical injury or
26            assault.
27
    17.    Family Code 6320 describes behaviors that can be enjoined as a form of
28
    "abuse," in relevant part:

4

(a) The court may issue an ex parte order enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating as described in Section 528.5 of the Penal Code, falsely personating as described in Section 529 of the Penal Code, harassing, telephoning, including, but not limited to, making annoying telephone calls as described in Section 653m of the Penal Code, destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party, and, in the discretion of the court, on a showing of good cause, of other named family or household members.

18.    The Judicial Council of California has created mandatory Forms for use by individuals and judicial officers to request and issue temporary and permanent restraining orders pursuant to the DVPA. Forms DV-100 (Request for Temporary Restraining Order), DV-110 (Temporary Restraining Order), and DV-130 (Restraining Order After Hearing) allow boxes to be checked to request and order an individual not to:

"Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements"

19.    Form DV-100 (Request for Domestic Violence Restraining Order), page 3, states:

If the judge approves the order, the person in "2" will be ordered not to own, possess, purchase, or receive a firearm or ammunition. The person will be ordered to sell to, or store with, a licensed gun dealer, or turn in to law enforcement, any guns or firearms that he or she owns or possesses.

20.    Form DV-110 (Temporary Restraining Order), page 3, states:

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.
b. You must:
   • Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
   • Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, store, or sold.

21.    Form DV-110, page 5, reiterates the firearm ban and states "Federal law says you cannot have guns or ammunition while the order is in effect."

22.    Form DV-120 (Response to Request for Domestic Violence Restraining Order) states:

5

1    If you were served with Form DV-110, Temporary Restraining Order, you must
     turn in any guns or firearms in your immediate possession or control. You
2    must file a receipt with the court from a law enforcement agency or a licenses
     gun dealer within 48 hours after you received Form DV-110.

3    23.    Forms DV-100, DV-110, DV-120, and DV-130 are attached hereto as Exhibits.

4    24.    Upon a finding of abuse under the DVPA, Family Code 3044 triggers an

5    automatic presumption that a parent is unfit and should not have custody of a child:

6        (a) Upon a finding by the court that a party seeking custody of a child
            has perpetrated domestic violence against the other party seeking
7           custody of the child or against the child or the child's siblings
            within the previous five years, there is a rebuttable presumption
8           that an award of sole or joint physical or legal custody of a child to
9           a person who has perpetrated domestic violence is detrimental to
            the best interest of the child, pursuant to Section 3011. This
10          presumption may only be rebutted by a preponderance of the
            evidence.
11
12       (b) In determining whether the presumption set forth in subdivision
            (a) has been overcome, the court shall consider all of the following
13          factors:

14          (1) Whether the perpetrator of domestic violence has demonstrated
                that giving sole or joint physical or legal custody of a child to
15              the perpetrator is in the best interest of the child. In
                determining the best interest of the child, the preference for
16              frequent and continuing contact with both parents, as set forth
                in subdivision (b) of Section 3020, or with the noncustodial
17              parent, as set forth in paragraph (1) of subdivision (a) of
                Section 3040, may not be used to rebut the presumption, in
18              whole or in part.
19          (2) Whether the perpetrator has successfully completed a
                batterer's treatment program that meets the criteria outlined
20              in subdivision (c) of Section 1203.097 of the Penal Code.
            (3) Whether the perpetrator has successfully completed a program
21              of alcohol or drug abuse counseling if the court determines that
                counseling is appropriate.
22          (4) Whether the perpetrator has successfully completed a
                parenting class if the court determines the class to be
23              appropriate.
            (5) Whether the perpetrator is on probation or parole, and whether
24              he or she has complied with the terms and conditions of
                probation or parole.
25          (6) Whether the perpetrator is restrained by a protective order or
                restraining order, and whether he or she has complied with its
26              terms and conditions.
27          (7) Whether the perpetrator of domestic violence has committed
                any further acts of domestic violence.
28

6

1

2

3

4

5

6

   (c) For purposes of this section, a person has "perpetrated domestic violence" when he or she is found by the court to have intentionally or recklessly caused or attempted to cause bodily injury, or sexual assault, or to have placed a person in reasonable apprehension of imminent serious bodily injury to that person or to another, or to have engaged in any behavior involving, but not limited to, threatening, striking, harassing, destroying personal property or disturbing the peace of another, for which a court may issue an ex parte order pursuant to Section 6320 to protect the other party seeking custody of the child or to protect the child and the child's siblings.

7

8

25.   Family Code 6344 permits attorney fees to be awarded to the prevailing party in a DVPA proceeding, in relevant part:

9

10

   (a) After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party.

11

12

13

14

   (b) In any action in which the petitioner is the prevailing party and cannot afford to pay for the attorney's fees and costs, the court shall, if appropriate based on the parties' respective abilities to pay, order that the respondent pay petitioner's attorney's fees and costs for commencing and maintaining the proceeding. Whether the respondent shall be ordered to pay attorney's fees and costs for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay.

15

16

26.   Family Code 2030, which permits awards of need-based attorney fees in family law actions states, in relevant part:

17

18

19

20

21

22

   (a)(1) In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.

23

24

25

26

27

28

   (2) When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs. A party who lacks the financial ability to hire an attorney may request, as an in pro per litigant, that the court order the other party, if that other party has the financial ability, to pay a reasonable amount to allow the unrepresented party to retain an attorney in a timely manner before proceedings in the matter go forward.

1    27.    Family Code 2030 is not challenged. But in practice, when awarding attorney

2    fees under Section 2030, California courts consider Family Code 4320, whose

3    constitutionality is challenged. See California Judicial Council Forms FL-300 and FL-158

4    and e.g. In re Marriage of Smith, 242 Cal.App.4th 529 (2015).

5    28.    Family Code 4320 lists factors that must be considered when ordering spousal

6    support and attorney fees, in relevant part:

7    In ordering spousal support under this part, the court shall consider all of the
     following circumstances:

8

9    (i) Documented evidence, including a plea of nolo contendere, of any history of
     domestic violence, as defined in Section 6211, between the parties or
     perpetrated by either party against either party's child, including, but not

10   limited to, consideration of emotional distress resulting from domestic
     violence perpetrated against the supported party by the supporting party,

11   and consideration of any history of violence against the supporting party by
     the supported party.

12

13   29.    Family Code 6380 et seq. requires the California Department of Justice to

14   maintain a Domestic Violence Restraining Order System and to register persons restrained

15   by a DVPA order into the California Law Enforcement Telecommunications Systems

16   (CLETS) criminal database, which, on information and belief, syncs with a federal criminal

17   database accessed and maintained by the United States Department of Justice and the

18   Federal Bureau of Investigation, in relevant part:

19   (b) Upon the issuance of a protective order to which this division applies
     pursuant to Section 6221, or the issuance of a temporary restraining order or

20   injunction relating to harassment, unlawful violence, or the threat of violence
     pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, or

21   the issuance of a criminal court protective order under subdivision (g) of
     Section 136.2 of the Penal Code, or the issuance of a juvenile court restraining

22   order related to domestic violence pursuant to Section 213.5, 304, or 362.4 of
     the Welfare and Institutions Code, or the issuance of a protective order

23   pursuant to Section 15657.03 of the Welfare and Institutions Code, or upon
     registration with the court clerk of a domestic violence protective or

24   restraining order issued by the tribunal of another state, as defined in Section
     6401, and including any of the foregoing orders issued in connection with an

25   order for modification of a custody or visitation order issued pursuant to a
     dissolution, legal separation, nullity, or paternity proceeding the Department

26   of Justice shall be immediately notified of the contents of the order and the

27   following information:

28

8

(1) The name, race, date of birth, and other personal descriptive information of the respondent as required by a form prescribed by the Department of Justice.
(2) The names of the protected persons.
(3) The date of issuance of the order.
(4) The duration or expiration date of the order.
(5) The terms and conditions of the protective order, including stay-away, no-contact, residency exclusion, custody, and visitation provisions of the order.
(6) The department or division number and the address of the court.
(7) Whether or not the order was served upon the respondent.
(8) The terms and conditions of any restrictions on the ownership or possession of firearms.

30.    Family Code 6221 referenced above includes "any order described in this division," which includes DVPA orders.

31.    On information and belief, when a person is registered in the databases upon being restrained by a DVPA order, the offense appears on background checks, which can negatively impact an individual's ability to obtain and hold employment.

32.    Family Code Family Code 6389(a) prohibits a person subject to a DVPA order from owning, possessing, purchasing, or receiving a firearm or ammunition:

(a) A person subject to a protective order, as defined in Section 6218, shall not own, possess, purchase, or receive a firearm or ammunition while that protective order is in effect. Every person who owns, possesses, purchases or receives, or attempts to purchase or receive a firearm or ammunition while the protective order is in effect is punishable pursuant to Section 29825 of the Penal Code.

33.    Cal. Penal Code 29825 makes it a criminal act for anyone subject to a DVPA order to possess a firearm or ammunition:

(a) Every person who purchases or receives, or attempts to purchase or receive, a firearm knowing that the person is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, a protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this code, or a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(b) Every person who owns or possesses a firearm knowing that the person is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, a

9

protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this code, or a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

34.    Family Code 6218 specifies that conduct enjoined under Sections 6320, 6321, 6322 constitutes a protective order:

> "Protective order" means an order that includes any of the following restraining orders, whether issued ex parte, after notice and hearing, or in a judgment:
>
> (a) An order described in Section 6320 enjoining specific acts of abuse.
> (b) An order described in Section 6321 excluding a person from a dwelling.
> (c) An order described in Section 6322 enjoining other specified behavior.

## 18 USC 922(g)(8)(B)

35.    18 USC 922(g) bans the possession of firearms and ammunition by anyone:

> (8) who is subject to a court order that—
>
>> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>>
>> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>>
>> (C)
>>> (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>>> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

## THERE IS NO CLEAR STANDARD FOR "ABUSE" UNDER THE DVPA

36.    California's trial and appellate courts apply the DVPA on an ad hoc, subjective basis. Actions such as disclosing text messages, stalking, being verbally abusive in front of a child, threatening a person with jail, threatening to kill a person, posting to or accessing a

10

1   Facebook account, sending harassing text messages over several months, giving alcohol to a

2   child, and forcibly cutting a child's hair may or may not constitute domestic violence.

3        37.    Plaintiff invites the Court to guess which of the above acts were enjoined as

4   "abuse" under the DVPA, and which were not, before reading on.

5        38.    California's Sixth District Court of Appeal triggered a sweeping expansion of

6   the DVPA when it performed a statutory construction on "disturbing the peace" in In re

7   Marriage of Nadkarni, 173 Cal.App.4th 1483 (2009):

8            "Thus, the plain meaning of the phrase 'disturbing the peace of the other party'
             in section 6320 may be properly understood as conduct that destroys the
9            mental or emotional calm of the other party." Id. at 1497.

10       39.    The Nadkarni court remanded a denied DVPA request for hearing, deeming

11  that an ex-husband's actions in accessing and disclosing the content of e-mails of his ex-wife

12  constituted abuse.

13       40.    In S.M. v. E.P., 184 Cal.App.4th 1249 (2010), the Fourth District Court of

14  Appeal published a decision that conflicted with Nadkarni. E.P. alleged that during an

15  argument S.M. woke her up, "tore off the covers", said "I'll kill you," called her a "cold bitch,"

16  and refused to let her leave the residence with their child. E.P. called the police because she

17  was afraid and informed the operator that S.M. had threatened her life. The police arrived

18  and ultimately arrested S.M. The trial court did not find that S.M. had made a death threat,

19  but did find that, "as a result of this behavior, which E.P. described as not the common thing

20  for S.M. to do, she became afraid." The trial court issued a restraining order under the

21  DVPA. But California's Fourth District Court of Appeal reversed for abuse of discretion,

22  finding that "[a]lthough S.M. may have been forceful in his refusal [to let E.P. leave the

23  residence], the court made no finding that S.M. engaged in conduct that rose to the level of

24  harassment or abuse, and the record does not reveal that any such conduct in fact occurred."

25  The S.M. court noted that the trial court "did not find that E.P. was in 'reasonable

26  apprehension of imminent serious bodily injury,'" and concluded, "neither the trial court's

27  findings, nor the evidence in the record, establish that S.M. engaged in conduct that placed

28  E.P. in reasonable fear of serious bodily injury or that he engaged in a type of behavior

1  identified in section 6320," which includes "threatening," "harassing," and "disturbing the
2  peace of the other party."

3      41.    The Second District Court of Appeal adopted the <u>Nadkarni</u> construction for
4  "disturbing the peace" and affirmed a DVPA order in <u>Burquet v. Brumbaugh</u>, 223
5  Cal.App.4th 1140 (2014), concluding that "[t]here was substantial evidence presented at trial
6  to support the trial court's finding that defendant disturbed the peace of the plaintiff, an act
7  of "abuse" under the DVPA," after an ex-boyfriend had engaged "in a course of conduct of
8  contacting plaintiff by phone, email, and text, which messages contained inappropriate
9  sexual innuendos, and arriving at her residence unannounced and uninvited, and then
10  refusing to leave and making a scene, when she refused to see him for the purpose of causing
11  her to renew their romantic relationship."

12      42.    In <u>Evilsizor v. Sweeney</u>, 237 Cal.App.4th 1416 (2015), the First District Court
13  of Appeal broadened the DVPA even further to permit the prior restraint of speech and
14  information. This case involved Plaintiff.

15      43.    Sweeney disclosed text messages related to his ex-wife's property interests and
16  assets in response to a motion to modify child support and attorney fees and disclosed other
17  text messages to their court-appointed custody evaluator. Evilsizor requested an order under
18  the DVPA to restrain all information from the phones, which had been used by Evilsizor,
19  Sweeney, Sweeney's stepson, and others during the marriage. Evilsizor alleged that Sweeney
20  had threatened to disclose more information, which caused her emotional distress. The trial
21  court issued an order under the DVPA restraining all information on the phones, finding that
22  the prior and possible future disclosures "disturbed the peace" of Evilsizor. The trial court
23  also ordered Sweeney to not disclose any information from the phones to their custody
24  evaluator and also barred Sweeney from using the information in legal proceedings without
25  first getting approval from the Court. Sweeney appealed on multiple grounds including free
26  speech, overbreadth, waiver of privacy, equal protection, using least restrictive means, and
27  failure to weigh against counterveiling interests.

28      44.    Regarding free speech, the First District wrote:

"Similarly, prohibiting Sweeney from disseminating the contents of Evilsizor's phones does not amount to a prohibited restraint of protected speech because Sweeny's conduct constituted "abuse" under the DVPA. (§§ 6203, subd. (d), 6218, subd. (a), 6320, subd. (a).) Sweeney places far too much emphasis on the fact that the trial court specifically declined to address whether Sweeney illegally obtained information from Evilsizor's phones. Regardless whether the data was acquired legally, the trial court was authorized to conclude that its dissemination as we have described was abusive under the DVPA and not the type of speech afforded protection under the First Amendment. (Lemen, supra, 40 Cal.4th at p. 1147.)" Id. at 1428.

45.    Evilsizor established a new category of unprotected speech: **information that, if disclosed, might "disturb the peace" of another**.

46.    Regarding overbreadth, the Evilsizor court wrote:

"But given that the order is directed only at the data Sweeney "downloaded," we believe the order was sufficiently tailored to the harm it was meant to prevent — namely, disclosing or threatening to disclose the information. Under these circumstances, the court's protective order does not violate Sweeney's right to free speech." Id. at 1431.

47.    The trial court never found that any specific information was private or sensitive or that there was a reasonable expectation of privacy. Evilsizor established that a court may wholesale restrain information on electronic devices under the DVPA so long as the release of any content from the device might "disturb the peace."

48.    The Evilsizor court dismissed Sweeney's argument of equal protection in a footnote after he argued that he had been denied a DVPA order against Evilsizor for more serious conduct, which included stalking him after custody exchanges, being verbally abusive towards him in front of their child at custody exchanges, physically pushing him, threatening him with jail and more litigation, and sending hundreds of harassing and threatening text messages over a period of several months:

"Sweeney contends that in denying a separate restraining order he sought against Evilsizor, the trial court "held the parties to a double standard on the issue of domestic violence." But Sweeney did not appeal from that order, and it is irrelevant to our review of the order giving rise to this appeal." Id. at fn 9.

49.    Regarding waiver of privacy, Sweeney argued that Evilsizor had no expectation of privacy of the information on the phones and that even after Sweeney had offered to submit to a protective order to resolve the matter prior to trial, a less severe

1  measure than the DVPA, Evilsizor never drafted a stipulation, further supporting waiver.

2  The <u>Evilsizor</u> court established that it is the responsibility of the party <u>not</u> seeking to protect

3  the information to draft a protective order in order to avoid being subjected to a DVPA order:

> 4  "Sweeney faults Evilsizor for not drafting a stipulation, but he directs us to
> 5  nothing in the record showing he drafted an acceptable alternative to a
>    protective order." <u>Id</u>. at 1431.

6      50.    The <u>Evilsizor</u> court refused Sweeney's argument that the trial court was

7  required to weigh disclosure of the information against compelling interests such as child

8  custody, support, fees, and fair division of community assets.

9      51.    <u>Evilsizor</u> has been cited by other California Courts of Appeal at least 8 times

10  when upholding restraining orders, including civil harassment restraining orders issued

11  under California Code Civil Procedure 527.6.

12     52.    The Second District Court of Appeal cited <u>Evilsizor</u> when affirming DVPA

13  orders in <u>Phillips v. Campbell</u>, 2 Cal.App.5th 844 (2016) prohibiting the publication of all

14  future material on the Internet, specifically to "not post photographs, videos, or information

15  about [respondent] to any internet site" and to "remove the same from any internet site over

16  which he has access or control," rejecting a First Amendment argument because appellant's

17  "'ability to continue to engage in activity that has been determined after a hearing to

18  constitute abuse [under the DVPA] is not the type of 'speech' afforded constitutional

19  protection.' (In re Marriage of Evilsizor & Sweeney (2015) 237 Cal.App.4th 1416, 1429.)"

20     53.    The Second District also affirmed a DVPA order in <u>In re Marriage of Genise

21  and Schu</u>, 2016 WL 7104931 (2016), on the basis of "disturbing the peace," finding that

22  "[mother's] conduct in providing her son with alcohol to the extent he drank himself sick and

23  forcibly cutting her daughter's hair qualifies as "domestic violence" by any reasonable

24  definition of the term." <u>Id.</u> at p2.

25     54.    **There are no clear standards to review findings of "abuse" under the**

26  **DVPA. The guilt or innocence of defendants is entirely left to the unguided**

27  **discretion of family law judges.**

28

1

## COUNT 1: FAMILY CODE 6203(a)(4) INFRINGES ON RIGHTS
## PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

2

3          55.     Each preceding paragraph is hereby incorporated by this reference.

4          56.     Family Code 6203(a)(4) defines "abuse" as: "[t]o engage in any behavior that

5   has been or could be enjoined pursuant to Section 6320."

6          57.     Due process requires that laws clearly define what conduct is prohibited and

7   that persons be given fair notice of what his prohibited.

8          58.     Family Code 6203(a)(4) does not give fair notice of what is prohibited. A person

9   of ordinary intelligence cannot possibly know what behavior "has been or could be enjoined

10  pursuant to Section 6320." It is precisely the purpose of the law to specify the behaviors that

11  can be enjoined. On information and belief, the State does not keep a database or publicly

12  available repository of what behaviors have been or could be enjoined under Section 6320.

13         59.     On its face and as applied, Family Code 6203(a)(4) violates the due process and

14  equal protection clauses of the Fifth and Fourteenth Amendments of the United States

15  Constitution and Article I Sections 7(a) and 15 of the California Constitution.

16

## COUNT 2: FAMILY CODE 6320(a) INFRINGES ON RIGHTS
## PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

17

18         60.     Each preceding paragraph is hereby incorporated by this reference.

19         61.     Family Code 6320(a) describes behaviors that can be enjoined as "abuse":

20  (a) The court may issue an ex parte order enjoining a party from molesting, attacking,
    striking, stalking, **threatening**, sexually assaulting, battering, credibly
21  impersonating as described in Section 528.5 of the Penal Code, falsely personating as
    described in Section 529 of the Penal Code, **harassing**, telephoning, including, but
22  not limited to, making annoying telephone calls as described in Section 653m of the
    Penal Code, destroying personal property, contacting, either directly or indirectly, by
23  mail or otherwise, coming within a specified distance of, or **disturbing the peace of
    the other party**, and, in the discretion of the court, on a showing of good cause, of
24  other named family or household members.

25         62.     Due process requires that laws clearly define what conduct is prohibited and

26  that persons be given fair notice of what his prohibited.

27

28

Complaint for Declaratory and Injunctive Relief

63.     The terms "threatening," "harassing," and "disturbing the peace" are not defined in the Family Code or elsewhere[1].

64.     Family Code 6320 does not give fair notice of what is prohibited, particularly the terms "threatening," "harassing," and "disturbing the peace."

65.     "Disturbing the peace" relies heavily on the sensitivity of the person allegedly disturbed and on the interpretation of that sensitivity by a government official. Laws that depend heavily on the sensitivity of a person and interpretation of that sensitivity by a government official are both vague and overbroad.

66.     California courts are issuing unconstitutional prior restraints on speech under color of Family Code 6320 after finding that certain speech "harasses" or "disturbs the peace" of another person.

67.     On its face and as applied, Family Code 6320 violates the First Amendment and due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I Sections 2(a), 7(a), and 15 of the Cal. Constitution.

### COUNT 3: JUDICIAL COUNCIL FORMS DV-100, DV-110, AND DV-130 INFRINGE ON RIGHTS PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

68.     Each preceding paragraph is hereby incorporated by this reference.

69.     The Judicial Council of California has created mandatory Forms for use by individuals and courts to request and issue temporary and permanent restraining orders pursuant to the DVPA. Forms DV-100 (Request for Temporary Restraining Order), DV-110 (Temporary Restraining Order), and DV-130 (Restraining Order After Hearing) allow boxes to be checked to boilerplate request and order an individual not to:

> "**Harass**, attack, strike, **threaten**, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, **disturb the peace**, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements"

70.     The terms "harass," "threaten," and "disturb the peace" are vague and overbroad.

[1] "Harassment" is defined in California's civil restraining order statute, Code of Civil Procedure 527.6, but not in the DVPA.

16

71.     The Forms do not give fair notice of what is prohibited, particularly the bolded terms.

72.     Individuals are deprived under color of law of basic rights and liberties by the boilerplate Forms.

73.     On their face and as applied, the Forms violate the First Amendment and due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I Sections 2(a), 7(a), and 15 of the California Constitution.

### COUNT 4: FAMILY CODE 3044 INFRINGES ON RIGHTS PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

74.     Each preceding paragraph is hereby incorporated by this reference.

75.     Upon a finding of abuse under the DVPA, Family Code 3044 triggers an automatic presumption against having sole or joint custody of a child:

> (a) Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence against the other party seeking custody of the child or against the child or the child's siblings within the previous five years, there is a rebuttable presumption that **an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child**, pursuant to Section 3011. This presumption may only be rebutted by a preponderance of the evidence.
>
> (b) In determining whether the presumption set forth in subdivision (a) has been overcome, the court shall consider all of the following factors:
>
> (1) Whether the perpetrator of domestic violence has demonstrated that giving sole or joint physical or legal custody of a child to the perpetrator is in the best interest of the child. In determining the best interest of the child, the preference for frequent and continuing contact with both parents, as set forth in subdivision (b) of Section 3020, or with the noncustodial parent, as set forth in paragraph (1) of subdivision (a) of Section 3040, may not be used to rebut the presumption, in whole or in part.
> (2) Whether the perpetrator has successfully completed a batterer's treatment program that meets the criteria outlined in subdivision (c) of Section 1203.097 of the Penal Code.
> (3) Whether the perpetrator has successfully completed a program of alcohol or drug abuse counseling if the court determines that counseling is appropriate.

17

(4) Whether the perpetrator has successfully completed a parenting class if the court determines the class to be appropriate.

(5) Whether the perpetrator is on probation or parole, and whether he or she has complied with the terms and conditions of probation or parole.

(6) Whether the perpetrator is restrained by a protective order or restraining order, and whether he or she has complied with its terms and conditions.

(7) Whether the perpetrator of domestic violence has committed any further acts of domestic violence.

(c) For purposes of this section, **a person has "perpetrated domestic violence"** when he or she is found by the court to have intentionally or recklessly caused or attempted to cause bodily injury, or sexual assault, or to have placed a person in reasonable apprehension of imminent serious bodily injury to that person or to another, or to have engaged in any behavior involving, but not limited to, **threatening**, striking, **harassing**, destroying personal property or **disturbing the peace of another,** for which a court may issue an ex parte order pursuant to **Section 6320** to protect the other party seeking custody of the child or to protect the child and the child's siblings.

76.    The Fourteenth Amendment provides heightened protection against government interference with certain fundamental rights and liberty interests, including parents' fundamental right to make decisions concerning the care, custody, and control of their children. There is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children.

77.    Family Code 3044 does not distinguish between nonviolent and violent actions, or between actions that directly impact a child or not. DVPA orders are issued for an overbroad spectrum of actions, some of which do not warrant revoking the presumption that it is not in the best interest of the child for a parent to have custody.

78.    Family Code 3044(c) includes the terms "threatening," "harassing," and "disturbing the peace of another." The terms are vague and overbroad. Family Code 3044(c) also references Family Code § 6320, which is vague and overbroad.

79.    Revocation of the right to parent must be substantially related to a governmental interest, which is to prevent domestic violence from negatively impacting children.

18

80.    Because the DVPA restrains an overbroad spectrum of actions and speech, Family Code 3044 is not narrowly tailored to serve the governmental interest.

81.    On its face and as applied, Family Code 3044 violates the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Sections 7(a) and 15 of the California Constitution.

## COUNT 5: FAMILY CODE 6389(a) INFRINGES ON RIGHTS PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

82.    Each preceding paragraph is hereby incorporated by this reference.

83.    Family Code Family Code 6389(a) prohibits a person restrained by a DVPA order from owning, possessing, purchasing, or receiving a firearm or ammunition:

(a) A person subject to a protective order, as defined in Section 6218, shall not own, possess, purchase, or receive a firearm or ammunition while that protective order is in effect. Every person who owns, possesses, purchases or receives, or attempts to purchase or receive a firearm or ammunition while the protective order is in effect is punishable pursuant to Section 29825 of the Penal Code.

84.    The Second Amendment protects an individual right to possess a firearm and is fully applicable against the States.

85.    On information and belief, the least severe offense for which any federal court has upheld revocation of Second Amendment rights is a criminal misdemeanor.

86.    Findings of "abuse" under the DPVA are not findings of criminal offenses.

87.    DVPA orders are issued under the preponderance standard without a right to an attorney or jury trial.

88.    Revocation of Second Amendment rights must be substantially related to the governmental interest, which is to prevent recurrences of domestic violence.

89.    California courts issue DVPA orders for nonviolent actions even when there is no risk to the physical safety of the victim.

90.    The law does not make an exception for nonviolent actions and actions where there is no risk to physical safety.

91.    Punishment that is inflicted in wholly arbitrary fashion or is patently unnecessary is cruel and unusual.

19

1      92.     Revoking Second Amendment rights for nonviolent offenses that do not

2 threaten the physical safety of an individual is wholly arbitrary and patently unnecessary.

3      93.     Family Code Family Code 6389(a) violates the Second Amendment, Eighth

4 Amendment, and due process and equal protection clauses of the Fifth and Fourteenth

5 Amendments to the United States Constitution and Article I Sections 7(a), 15, and 17 of the

6 California Constitution.

7

8 **COUNT 6: PENAL CODE 29825 INFRINGES ON RIGHTS
PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS**

9      94.     Each preceding paragraph is hereby incorporated by this reference.

10      95.     Cal. Penal Code 29825 prohibit and make it a crime for anyone restrained by a

11 DVPA order to possess a firearm or ammunition:

12      (a) Every person who purchases or receives, or attempts to purchase or receive,
13      a firearm knowing that the person is prohibited from doing so by a temporary
      restraining order or injunction issued pursuant to Section 527.6, 527.8, or
14      527.85 of the Code of Civil Procedure, a protective order as defined in **Section
      6218 of the Family Code**, a protective order issued pursuant to Section 136.2
15      or 646.91 of this code, or a protective order issued pursuant to Section
      15657.03 of the Welfare and Institutions Code, is guilty of a public offense,
16      which shall be punishable by imprisonment in a county jail not exceeding one
      year or in the state prison, by a fine not exceeding one thousand dollars
17      ($1,000), or by both that imprisonment and fine.

18      (b) Every person who owns or possesses a firearm knowing that the person is
19      prohibited from doing so by a temporary restraining order or injunction issued
      pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, a
20      protective order as defined in **Section 6218 of the Family Code**, a protective
      order issued pursuant to Section 136.2 or 646.91 of this code, or a protective
21      order issued pursuant to Section 15657.03 of the Welfare and Institutions
      Code, is guilty of a public offense, which shall be punishable by imprisonment
22      in a county jail not exceeding one year, by a fine not exceeding one thousand
      dollars ($1,000), or by both that imprisonment and fine.
23

24      96.     Family Code 6218 specifies that conduct enjoined pursuant to Family Code

25 6320 constitutes a protective order:

26      "Protective order" means an order that includes any of the following
      restraining orders, whether issued ex parte, after notice and hearing, or in a
27      judgment:

28      (a) An order described in Section 6320 enjoining specific acts of abuse.
      (b) An order described in Section 6321 excluding a person from a dwelling.

(c) An order described in Section 6322 enjoining other specified behavior.

97.     The Second Amendment protects an individual right to possess a firearm and is fully applicable against the States.

98.     On information and belief, the least severe offense for which any federal court has upheld revocation of Second Amendment rights is a criminal misdemeanor.

99.     Findings of "abuse" under the DPVA are not findings of criminal offenses.

100.    DVPA orders are issued under the preponderance standard without a right to an attorney or a jury trial.

101.    Revocation of Second Amendment rights must be substantially related to the governmental interest, which is to prevent recurrences of domestic violence.

102.    The DVPA is vague and overbroad and DVPA orders are issued for nonviolent actions.

103.    The law does not make an exception for nonviolent actions.

104.    Punishment that is inflicted in wholly arbitrary fashion or is patently unnecessary is cruel and unusual.

105.    California courts issue DVPA orders for nonviolent actions even when there is no risk to the physical safety of the victim.

106.    Revoking Second Amendment rights for nonviolent offenses is wholly arbitrary and patently unnecessary.

107.    Family Code Family Code 6389(a) violates the Second Amendment, Eighth Amendment, and due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Sections 7(a), 15, and 17 of the California Constitution.

### COUNT 7: JUDICIAL COUNCIL FORMS DV-100, DV-110, DV-120 AND DV-130 INFRINGE ON RIGHTS PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

108.    Each preceding paragraph is hereby incorporated by this reference.

109.    Form DV-100 (Request for Domestic Violence Restraining Order), page 3, states:

21

If the judge approves the order, the person in "2" will be ordered not to own, possess, purchase, or receive a firearm or ammunition. The person will be ordered to sell to, or store with, a licensed gun dealer, or turn in to law enforcement, any guns or firearms that he or she owns or possesses.

110.    Form DV-110 (Temporary Restraining Order), page 3, states:

    c.  You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

    d.  You must:
- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, store, or sold.

111.    Form DV-110, page 5, reiterates the firearm ban and states "Federal law says you cannot have guns or ammunition while the order is in effect."

112.    This statement is false. 18 USC 922(g)(8)(B) only prohibits the possession of firearms and ammunition when a restraining order:

    (i)  includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

    (ii)  by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

113.    DVPA orders are issued even when there is no credible threat to physical safety.

114.    Form DV-120 (Response to Request for Domestic Violence Restraining Order), page 2, states:

If you were served with Form DV-110, Temporary Restraining Order, you must turn in any guns or firearms in your immediate possession or control. You must file a receipt with the court from a law enforcement agency or a licenses gun dealer within 48 hours after you received.

115.    Form DV-130 (Restraining Order After Hearing), pages 2, 3, and 6, similarly ban the possession of firearms and state "[f]ederal law says you cannot have guns or ammunition while the order is in effect. Even if exempt under California law, you may be subject to federal prosecution for possessing or controlling a firearm."

116.    The Second Amendment protects an individual right to possess a firearm and is fully applicable against the States.

22

1    117.    On information and belief, the least severe offense for which any federal court

2    has upheld revocation of Second Amendment rights is a criminal misdemeanor.

3    118.    Findings of "abuse" under the DPVA are not findings of criminal offenses.

4    119.    DVPA orders are issued under the preponderance standard with no right to an

5    attorney or jury trial.

6    120.    Revocation of Second Amendment rights must be substantially related to the

7    governmental interest, which is to prevent recurrences of domestic violence.

8    121.    DVPA orders are issued for nonviolent actions and for actions that do not

9    threaten the physical safety of a person.

10    122.    Punishment that is inflicted in wholly arbitrary fashion or is patently

11    unnecessary is cruel and unusual.

12    123.    The law does not make an exception for nonviolent actions or actions that do

13    not threaten the physical safety of a person. Revoking Second Amendment rights for

14    nonviolent offenses or actions that do not threaten a person's physical safety is wholly

15    arbitrary and patently unnecessary.

16    124.    Forms DV-100, DV-110, DV-120, and DV-130 violate the Second Amendment,

17    Eighth Amendment, and due process and equal protection clauses of the Fifth and

18    Fourteenth Amendments to the United States Constitution and Article I Sections 7(a), 15,

19    and 17 of the California Constitution.

20

21    **COUNT 8: FAMILY CODE 6344 INFRINGES ON RIGHTS
PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS**

22    125.    Each preceding paragraph is hereby incorporated by this reference.

23    126.    Family Code 6344 permits attorney fees to be awarded to the prevailing party

24    in a DVPA proceeding based on a party's income and ability to pay, in relevant part:

25        (c) After notice and a hearing, the court may issue an order for the payment of
26        attorney's fees and costs of the prevailing party. In any action in which the
            petitioner is the prevailing party and cannot afford to pay for the attorney's
27        fees and costs, the court shall, if appropriate based on the parties'
            respective abilities to pay, order that the respondent pay petitioner's
28        attorney's fees and costs for commencing and maintaining the proceeding.
            Whether the respondent shall be ordered to pay attorney's fees and costs

for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay.

127.    Family Code 6344 does not permit recovery of attorney fees by the Respondent if the Respondent prevails.

128.    "Prevailing party" is vague and overbroad because it does not describe how to apportion attorney fees in the event that the Petitioner requested multiple orders but only prevailed on some.

129.    Persons requesting DVPA orders often request multiple orders including stay-away orders, move-out orders, orders regarding pets, custody and visitation orders, property control orders, debt payment orders, orders regarding insurance and to transfer wireless phone accounts, to enroll in a batterer's intervention program, to restrain speech and information, and other specifically requested orders. See Judicial Council Form DV-100.

130.    If a Petitioner prevails on one of the orders, they are deemed the prevailing party even if they incurred most fees pursuing orders they lost.

131.    There is no penalty if the Petitioner does not prevail. Winning the proceeding often results in increased child custody, child support, spousal support, and attorney fees. Family Code 6344 favors the filing of false allegations of domestic violence.

132.    DVPA matters are not criminal offenses, and are adjudicated under the preponderance of evidence standard with no right to an attorney or jury trial.

133.    Attorney fees are not ordered paid to the State by a criminal defendant upon a finding criminal domestic violence.

134.    Orders of attorney fees under Family Code 6344 are dependent upon billing rates and hours billed.

135.    Some DVPA proceedings are for minor, nonviolent offenses can involve multiple days of trial and preparation and experts, while proceedings for serious, violent offenses may be quickly adjudicated.

136.    Family Code 6344 does not take into consideration the severity of the offense or apportion fees between requested orders that were granted or denied.

137.  Orders made under Family Code 6344 are equivalent to a fine or restitution and exceed those for criminal offenses.

138.  Fines that are grossly disproportional to the gravity of a defendant's offense are cruel and unusual.

139.  Family Code Family Code 6344 violates the Eighth Amendment and due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Sections 7(a), 15, and 17 of the California Constitution.

## COUNT 9: FAMILY CODE 4320 INFRINGES ON RIGHTS PROTECTED BY THE U.S. AND CALIFORNIA CONSTITUTIONS

140.  Each preceding paragraph is hereby incorporated by this reference.

141.  Family Code 2030, which permits awards of need-based attorney fees in family law actions states, in relevant part:

(a)(1)  In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.

(2)  When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs.  A party who lacks the financial ability to hire an attorney may request, as an in pro per litigant, that the court order the other party, if that other party has the financial ability, to pay a reasonable amount to allow the unrepresented party to retain an attorney in a timely manner before proceedings in the matter go forward.

142.  Family Code 2030 is not challenged. But in practice, when awarding attorney fees under Section 2030, California courts consider Family Code 4320, whose constitutionality is challenged. See California Judicial Council Forms FL-300 and FL-158 and e.g. In re Marriage of Smith, 242 Cal.App.4th 529 (2015).

25

143. Family Code 4320 lists factors that must be considered when ordering spousal support and attorney fees, in relevant part:

> In ordering spousal support under this part, the court shall consider all of the following circumstances:
>
> (i) Documented evidence, including a plea of nolo contendere, of **any history of domestic violence**, as defined in Section 6211, between the parties or perpetrated by either party against either party's child, including, but not limited to, consideration of emotional distress resulting from domestic violence perpetrated against the supported party by the supporting party, and consideration of any history of violence against the supporting party by the supported party.

144. California is a no-fault divorce state.

145. DVPA matters are adjudicated under the preponderance standard with no right to an attorney or jury trial.

146. Attorney fees are not ordered paid to the State by a criminal defendant upon a finding criminal domestic violence, which is a much more serious offense.

147. Some DVPA orders are for minor, nonviolent offenses while others proceedings are for serious, violent offenses.

148. Family Code 4320 does not take into consideration the severity of the offense.

149. A small monthly adjustment of spousal support can equate to tens or hundreds of thousands of dollars over time.

150. A consideration of any history of domestic in adjudicating support and fees is the equivalent of a fine or restitution.

151. Fines that are grossly disproportional to the gravity of a defendant's offense are cruel and unusual.

152. Family Code Family Code 6344 violates the Eighth Amendment and due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Sections 7(a), 15, and 17 of the California Constitution.

## COUNT 10: 18 USC 922(g)(8)(B) INFRINGES ON RIGHTS PROTECTED BY THE UNITED STATES CONSTITUTION

153. Each preceding paragraph is hereby incorporated by this reference.

1      154.    18 USC 922(g) bans the possession of firearms and ammunition by anyone:

2              (8) who is subject to a court order that—

3                      (A) was issued after a hearing of which such person received actual
4                      notice, and at which such person had an opportunity to participate;

5                      (B) restrains such person from **harassing**, stalking, or **threatening** an
                       intimate partner of such person or child of such intimate partner or
6                      person, or engaging in other conduct that would place an intimate
7                      partner in reasonable fear of bodily injury to the partner or child; and

8                      (C)
                           (i) includes a finding that such person represents a credible threat
9                          to the physical safety of such intimate partner or child; or
                           (ii) by its terms explicitly prohibits the use, attempted use, or
10                         threatened use of physical force against such intimate partner or
                           child that would reasonably be expected to cause bodily injury;

11     155.    The Second Amendment protects an individual right to possess a firearm and
12     is fully applicable against the States.

13     156.    On information and belief, the least severe offense for which any federal court
14     has upheld revocation of Second Amendment rights is a criminal misdemeanor.

15     157.    18 USC 922(g)(8)(B) does not distinguish between criminal offenses and
16     noncriminal offenses, such as orders made under State civil restraining order statutes like
17     the DVPA, which are adjudicated under lower standards of proof without a right to an
18     attorney or a jury trial.

19     158.    Revocation of Second Amendment rights must be substantially related to the
20     governmental interest, which is to prevent violent crimes against partners and children.

21     159.    Nonviolent actions and actions that do not threaten the physical safety of a
22     person are being restrained under State civil restraining order statutes.

23     160.    Due process requires that laws clearly define what conduct is prohibited and
24     that persons be given fair notice of what his prohibited

25     161.    The terms "harassing" and "threatening" are vague and overbroad. The vague
26     terms have resulted in the States including similarly vague terms in their domestic violence
27     statutes in order to deprive defendants of their right to bear arms.

28

27

1    162.    Punishment that is inflicted in wholly arbitrary fashion or is patently

2  unnecessary is cruel and unusual.

3    163.    Revoking Second Amendment rights for nonviolent offenses is wholly arbitrary

4  and patently unnecessary.

5    164.    18 USC 922(g)(8)(B) violates the Second Amendment, Eighth Amendment, and

6  due process and equal protection clauses of the Fifth and Fourteenth Amendments to the

7  United States Constitution.

8

9                          **RELIEF REQUESTED**

10    WHEREFORE, Sweeney requests that this Honorable Court:

11    1.    Declare unconstitutional on their face and as applied all laws or specific terms

12  challenged herein, including "threaten," "threatening," "harass," "harassing," "disturb the

13  peace," and "disturbing the peace."

14    2.    Grant temporary, preliminary, and permanent injunctive relief against

15  Defendants' enforcement of the laws challenged herein, and/or their unconstitutional

16  language and provisions, against Plaintiff and all others similarly situated.

17    3.    Grant temporary, preliminary, and permanent injunctive relief prohibiting the

18  use of Judicial Council Forms DV-100, DV-110, DV-120, and DV-130 in their entirety, or

19  their use of the language and provisions as declared unconstitutional by this Court;

20    4.    Award to Plaintiff reasonable attorney fees, expert witness fees, and costs

21  incurred in connection with this action; and

22    5.    Grant such other and further relief as the Court deems just and proper.

23

24                          Respectfully submitted,

25

26

27                          */s/ Joseph Sweeney on May 15, 2017*

28

Complaint for Declaratory and Injunctive Relief

1

## EXHIBITS

2

3     I certify that attached hereto as Exhibits A, B, C, and D are true and accurate copies

4  of Judicial Council of California Forms DV-100, DV-110, DV-120, and DV-130, respectively,

5  which I personally downloaded from the State of California's official "California Courts"

6  website at http://www.courts.ca.gov/forms.htm?filter=DV on May 14, 2017.

7

8

9

10        */s/ Joseph Sweeney on May 15, 2017*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

# Exhibit A

| **DV-100** | **Request for Domestic Violence Restraining Order** |
|---|---|

Clerk stamps date here when form is filed.

*You must also complete form CLETS-001, Confidential CLETS Information, and give it to the clerk when you file this Request.*

**(1) Name of Person Asking for Protection:**

_____ Age: _____

Your lawyer in this case *(if you have one):*

Name: _____ State Bar No.: _____

Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*

Address: _____

City: _____ State: _____ Zip: _____

Telephone: _____ Fax: _____

E-Mail Address: _____

Fill in court name and street address:

Superior Court of California, County of

Court fills in case number when form is filed.

**(2) Name of Person You Want Protection From:**

_____

Description of person you want protection from:

**Case Number:**

Sex: ☐ M ☐ F   Height: _____ Weight: _____ Hair Color: _____ Eye Color: _____

Race: _____ Age: _____ Date of Birth: _____

Address *(if known):* _____

City: _____ State: _____ Zip: _____

**(3) Do you want an order to protect family or household members?** ☐ Yes ☐ No

*If yes, list them:*

| Full name | Sex | Age | Lives with you? | Relationship to you |
|---|---|---|---|---|
| _____ | _____ | _____ | ☐ Yes ☐ No | _____ |
| _____ | _____ | _____ | ☐ Yes ☐ No | _____ |
| _____ | _____ | _____ | ☐ Yes ☐ No | _____ |

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Protected People" for a title.*

**(4) What is your relationship to the person in (2)?** *(Check all that apply):*

a. ☐ We are now married or registered domestic partners.
b. ☐ We used to be married or registered domestic partners.
c. ☐ We live together.
d. ☐ We used to live together.
e. ☐ We are related by blood, marriage, or adoption *(specify relationship):* _____
f. ☐ We are dating or used to date, or we are or used to be engaged to be married.
g. ☐ We are the parents together of a child or children under 18:

*If you do not have one of these relationships, the court may not be able to consider your request. Read form DV-500-INFO for help.*

Child's Name: _____ Date of Birth: _____
Child's Name: _____ Date of Birth: _____
Child's Name: _____ Date of Birth: _____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Additional Children" for a title.*

h. ☐ We have signed a Voluntary Declaration of Paternity for our child or children. *(Attach a copy if you have one).*

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 1 of 6
→

Case Number: _____

## ⑤ Other Restraining Orders and Court Cases

a. Are there any restraining/protective orders currently in place OR that have expired in the last six months (emergency protective orders, criminal, juvenile, family)?

☐ No  ☐ Yes *(date of order):* _____ and *(expiration date):* _____ *(Attach a copy if you have one).*

b. Have you or any other person named in ③ been involved in another court case with the person in ②?

☐ No  ☐ Yes *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | County or Tribe Where Filed | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| ☐ Divorce, Nullity, Legal Separation | | | |
| ☐ Civil Harassment | | | |
| ☐ Domestic Violence | | | |
| ☐ Criminal | | | |
| ☐ Juvenile, Dependency, Guardianship | | | |
| ☐ Child Support | | | |
| ☐ Parentage, Paternity | | | |
| ☐ Other *(specify):* _____ | | | |

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Court Cases" for a title.*

# Check the orders you want.

## ⑥ ☐ Personal Conduct Orders

I ask the court to order the person in ② not to do the following things to me or anyone listed in ③:

a. ☐ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements

b. ☐ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail or e-mail or other electronic means

*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

## ⑦ ☐ Stay-Away Order

a. I ask the court to order the person in ② to stay at least _____ yards away from *(check all that apply):*

☐ Me  ☐ My school
☐ My home  ☐ Each person listed in ③
☐ My job or workplace  ☐ The child(ren)'s school or child care
☐ My vehicle  ☐ Other *(specify):* _____

b. If the person listed in ② is ordered to stay away from all the places listed above, will he or she still be able to get to his or her home, school, job, workplace, or vehicle?  ☐ Yes  ☐ No  *(If no, explain):*
_____

## ⑧ ☐ Move-Out Order

*(If the person in ② lives with you and you want that person to stay away from your home, you must ask for this move-out order.)*

I ask the court to order the person in ② to move out from and not return to *(address):*
_____

I have the right to live at the above address because (explain):
_____

**This is not a Court Order.**

Case Number:

**⑨ Guns or Other Firearms or Ammunition**

I believe the person in ② owns or possesses guns, firearms, or ammunition.  ☐ Yes  ☐ No  ☐ I don't know
*If the judge approves the order, the person in* ② *will be ordered not to own, possess, purchase, or receive a firearm or ammunition. The person will be ordered to sell to, or store with, a licensed gun dealer, or turn in to law enforcement, any guns or firearms that he or she owns or possesses.*

**⑩ ☐ Record Unlawful Communications**

I ask for the right to record communications made to me by the person in ② that violate the judge's orders.

**⑪ ☐ Care of Animals**

I ask for the sole possession, care, and control of the animals listed below. I ask the court to order the person in ② to stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____
_____

I ask for the animals to be with me because:

_____
_____

**⑫ ☐ Child Custody and Visitation**

a. ☐ I do not have a child custody or visitation order and I want one.
b. ☐ I have a child custody or visitation order and I want it changed.
*If you ask for orders, you must fill out and attach form DV-105,* Request for Child Custody and Visitation Orders. *You and the other parent may tell the court that you want to be legal parents of the children (use form DV-180,* Agreement and Judgment of Parentage).

**⑬ ☐ Child Support** *(Check all that apply):*

a. ☐ I do not have a child support order and I want one.
b. ☐ I have a child support order and I want it changed.
c. ☐ I now receive or have applied for TANF, Welfare, CalWORKS, or Medi-Cal.
*If you ask for child support orders, you must fill out and attach form FL-150,* Income and Expense Declaration or *form FL-155,* Financial Statement (Simplified).

**⑭ ☐ Property Control**

I ask the court to give **only** me temporary use, possession, and control of the property listed here:

_____
_____

**⑮ ☐ Debt Payment**

I ask the court to order the person in ② to make these payments while the order is in effect:
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Debt Payment" for a title.*
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ ☐ Property Restraint**

**I am married to or have a registered domestic partnership with the person in** ② **.** I ask the judge to order that the person in ② not borrow against, sell, hide, or get rid of or destroy any possessions or property, except in the usual course of business or for necessities of life. I also ask the judge to order the person in ② to notify me of any new or big expenses and to explain them to the court.

**⑰ ☐ Spousal Support**

I am married to or have a registered domestic partnership with the person in ② and no spousal support order exists. I ask the court to order the person in ② to pay spousal support. *(You must complete, file, and serve* form FL-150, Income and Expense Declaration, *before your hearing).*

**This is not a Court Order.**



Case Number:

---

**(18)** ☐ **Rights to Mobile Device and Wireless Phone Account**

**a.** ☐ **Property control of mobile device and wireless phone account**

I ask the court to give **only** me temporary use, possession, and control of the following mobile devices: _____ and the wireless phone account for the following wireless phone numbers because the account currently belongs to the person in **(2)** :

(including area code): _____ ☐ my number ☐ number of child in my care

(including area code): _____ ☐ my number ☐ number of child in my care

(including area code): _____ ☐ my number ☐ number of child in my care

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Rights to Mobile Device and Wireless Phone Account" for a title.*

**b.** ☐ **Debt Payment**

I ask the court to order the person in **(2)** to make the payments for the wireless phone accounts listed in 18a because: _____

Name of the wireless service provider is: _____ Amount: $ _____ Due Date: _____

*If you are requesting this order, you must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

**c.** ☐ **Transfer of Wireless Phone Account**

I ask the court to order the wireless service provider to transfer the billing responsibility and rights to the wireless phone numbers listed in 18a to me because the account currently belongs to the person in **(2)** .

*If the judge makes this order, you will be financially responsible for these accounts, including monthly service fees and costs of any mobile devices connected to these phone numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

**(19)** ☐ **Insurance**

I ask the court to order the person in **(2)** NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of me or the person in **(2)**, or our child(ren), for whom support may be ordered, or both.

**(20)** ☐ **Lawyer's Fees and Costs**

I ask that the person in **(2)** pay some or all of my lawyer's fees and costs.

*You must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

**(21)** ☐ **Payments for Costs and Services**

I ask the court to order the person in **(2)** to pay the following:

*You can ask for lost earnings or your costs for services caused directly by the person in **(2)** (damaged property, medical care, counseling, temporary housing, etc.). You must bring proof of these expenses to your hearing.*

Pay to: _____ For: _____ Amount: $ _____

Pay to: _____ For: _____ Amount: $ _____

**(22)** ☐ **Batterer Intervention Program**

I ask the court to order the person listed in **(2)** to go to a 52-week batterer intervention program and show proof of completion to the court.

**(23)** ☐ **Other Orders**

What other orders are you asking for? _____

_____

_____

_____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Orders" for a title.*

**This is not a Court Order.**

---

Case Number:

**(24)** ☐ **Time for Service (Notice)**
*The papers must be personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. If you want there to be fewer than five days between service and the hearing, explain why below. For help, read form DV-200-INFO, "What Is Proof of Personal Service"?*

_____
_____

**(25)** **No Fee to Serve (Notify) Restrained Person**
*If you want the sheriff or marshal to serve (notify) the restrained person about the orders for free, ask the court clerk what you need to do.*

**(26)** **Court Hearing**
The court will schedule a hearing on your request. If the judge does not make the orders effective right away ("temporary restraining orders"), the judge may still make the orders after the hearing. If the judge does not make the orders effective right away, you can ask the court to cancel the hearing. Read form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order,* for more information.

**(27)** **Describe Abuse**
Describe how the person in ② abused you. Abuse means to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, keep you under surveillance, impersonate (on the Internet, electronically or otherwise), batter, telephone, or contact you; or to disturb your peace; or to destroy your personal property. (For a complete definition, see Fam. Code, §§ 6203, 6320.)

a. Date of most recent abuse: _____

   1. Who was there? _____

   2. Describe how the person in ② abused you or your child(ren):

_____
_____
_____
_____
_____

     ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

   3. Did the person in ② use or threaten to use a gun or any other weapon? ☐ No ☐ Yes *(If yes, describe):*

_____
_____

   4. Describe any injuries: _____

_____
_____

   5. Did the police come? ☐ No ☐ Yes
     If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes ☐ No ☐ I don't know
     *Attach a copy if you have one.*
     The order protects ☐ you or ☐ the person in ②

**This is not a Court Order.**

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**
→

Case Number: _____

**(27) Describe Abuse (continued)**

**Has the person in (2) abused you (or your child(ren)) other times?**

b. Date of abuse: _____

1. Who was there? _____

2. Describe how the person in (2) abused you or your child(ren):

_____
_____
_____
_____
_____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

3. Did the person in (2) use or threaten to use a gun or any other weapon? ☐ No  ☐ Yes *(If yes, describe):*

_____

4. Describe any injuries: _____

_____

5. Did the police come?  ☐ No  ☐ Yes

If yes, did they give you or the person in (2) an Emergency Protective Order?

☐ Yes  ☐ No  ☐ I don't know  *Attach a copy if you have one.*

The order protects  ☐ you  or  ☐ the person in (2)

*If the person in (2) abused you other times, check here ☐ and use* <u>Form DV-101</u>, *Description of Abuse or describe any previous abuse on an attached sheet of paper and write "DV-100, Previous Abuse" for a title.*

**(28) Other Persons to Be Protected**

The persons listed in item (3) need an order for protection because *(describe):* _____

_____
_____
_____
_____
_____
_____

**(29)** Number of pages attached to this form, if any: _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____        ►  _____
*Type or print your name*                      *Sign your name*

Date: _____

_____        ►  _____
*Lawyer's name, if you have one*                *Lawyer's signature*

**This is not a Court Order.**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.        Print this form    Save this form        Clear this form

# Exhibit B

## DV-110    Temporary Restraining Order

*Clerk stamps date here when form is filed.*

*Person in ① must complete items ①, ②, and ③ only.*

**① Name of Protected Person:**

_____

Your lawyer in this case *(if you have one)*:
Name: _____ State Bar No.: _____
Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: _____
City: _____ State: _____ Zip: _____
Telephone: _____ Fax: _____
E-mail Address: _____

*Fill in court name and street address:*

Superior Court of California, County of

*Court fills in case number when form is filed.*

**Case Number:**

**② Name of Restrained Person:**

_____

Description of restrained person:

| | |
|---|---|
| Sex: ☐ M ☐ F   Height: _____   Weight: _____   Hair Color: _____   Eye Color: _____ | |
| Race: _____ Age: _____ Date of Birth: _____ | |
| Address *(if known):* _____ | |
| City: _____ State: _____ Zip: _____ | |
| Relationship to protected person: _____ | |

**③ ☐ Additional Protected Persons**

In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

**④ Court Hearing**

*This order expires at the end of the hearing stated below:*

| | |
|---|---|
| Hearing Date: _____   Time: _____   ☐ a.m. ☐ p.m. | |

**This is a Court Order.**

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

**DV-110,** Page 1 of 6


Case Number: _____

---

**(5)** ☐ **Criminal Protective Order**

   a. ☐ A criminal protective order on form CR-160, *Criminal Protective Order—Domestic Violence,* is in effect.
      Case Number: _____ County: _____ Expiration Date: _____

   b. ☐ No information has been provided to the judge about a criminal protective order.

### To the person in ❷

**The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

**(6)** **Personal Conduct Orders** ☐ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

   a. You must **not** do the following things to the person in ① and ☐ persons in ③ :

      ☐ Harass, attack, strike, threaten, assault *(sexually or otherwise),* hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise),* or block movements

      ☐ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means

      ☐ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③. *(If this item is not checked, the court has found good cause not to make this order.)*

   b. Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

   c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(7)** **Stay-Away Order** ☐ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

   a. You **must** stay at least *(specify):* _____ yards away from *(check all that apply):*

      ☐ The person in ①          ☐ School of person in ①

      ☐ Home of person in ①     ☐ The persons in ③

      ☐ The job or workplace of person in ①   ☐ The child(ren)'s school or child care

      ☐ Vehicle of person in ①     ☐ Other *(specify):* _____

   b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(8)** **Move-Out Order** ☐ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

   You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

### This is a Court Order.

Revised July 1, 2016          **Temporary Restraining Order**          **DV-110, Page 2 of 6**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**    →

Case Number:

**⑨ No Guns or Other Firearms or Ammunition**
 a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.
 b. You must:
   - Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
   - Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use Form DV-800, *Proof of Firearms Turned In, Sold, or Stored,* for the receipt.) Bring a court filed copy to the hearing.
 c. ☐ The court has received information that you own or possess a firearm.

**⑩ Record Unlawful Communications**
 ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 The person in ① can record communications made by you that violate the judge's orders.

**⑪ Care of Animals**   ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:
 _____
 _____

**⑫ Child Custody and Visitation** ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 Child custody and visitation are ordered on the attached form DV-140, *Child Custody and Visitation Order* or
 *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**⑬ Child Support**
 Not ordered now but may be ordered after a noticed hearing.

**⑭ Property Control**  ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 Until the hearing, *only* the person in ① can use, control, and possess the following property:
 _____

**⑮ Debt Payment**  ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 The person in ② must make these payments until this order ends:
 Pay to: _____ For: _____ Amount: $ _____ Due date: _____
 Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ Property Restraint**  ☐ **Not requested**  ☐ **Denied until the hearing**  ☐ **Granted as follows:**
 If the people in ① and ② are married to each other or are registered domestic partners, ☐ the person in ①
 ☐ the person in ②  must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "no contact" order.)*

 Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Case Number:

**(17) Spousal Support**

Not ordered now but may be ordered after a noticed hearing.

**(18) Rights to Mobile Device and Wireless Phone Account**

   **a. Property control of mobile device and wireless phone account**

    ☐ Not requested ☐ Denied until the hearing ☐ Granted as follows:

    Until the hearing, only the person in ① can use, control, and possess the following property:

    Mobile device *(describe)* _____ and account *(phone number):* _____

    Mobile device *(describe)* _____ and account *(phone number):* _____

    Mobile device *(describe)* _____ and account *(phone number):* _____

    ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.*

   **b. Debt Payment** ☐ Not requested ☐ Denied until the hearing ☐ Granted as follows:

    The person in ② must make these payments until this order ends:

    Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

   **c. Transfer of Wireless Phone Account**

    Not ordered now but may be ordered after a noticed hearing.

**(19) Insurance**

   ☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20) Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

**(21) Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

**(22) Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

**(23) Other Orders** ☐ **Not requested** ☐ **Denied until the hearing** ☐ **Granted as follows:**

_____

_____

_____

_____

_____

_____

   ☐ *Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.*

**(24) No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Date: _____          _____

                                                 *Judge (or Judicial Officer)*

**This is a Court Order.**

Revised July 1, 2016              **Temporary Restraining Order**              **DV-110,** Page 4 of 6
                                 **(CLETS—TRO)**
                           **(Domestic Violence Prevention)**



Case Number:

## Warnings and Notices to the Restrained Person in ❷

### If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.
- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You Cannot Have Guns, Firearms, And/Or Ammunition.



**You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.**

### Service of Order by Mail
If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ❷. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support
- **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
- **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
- **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

## Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## This is a Court Order.

Revised July 1, 2016     **Temporary Restraining Order**     DV-110, Page 5 of 6
(CLETS—TRO)
(Domestic Violence Prevention)    →

Case Number:

## If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

## Conflicting Orders–Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

## Child Custody and Visitation

- The custody and visitation orders are on form DV-140, items ③ and ④ They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

- **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

### Certificate of Compliance With VAWA

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

*Clerk's Certificate*
*[seal]*

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____    Clerk, by _____ , Deputy

### This is a Court Order.

**Temporary Restraining Order
(CLETS—TRO)
(Domestic Violence Prevention)**

Exhibit C

Case Number: _____

**(6)** ☐ **Personal Conduct Orders**
    a. ☐ I agree to the orders requested.
    b. ☐ I do not agree to the order requested,   ☐ but I would agree to: _____
_____
*(Specify your reasons in item 25, page 5, of this form.)*

**(7)** ☐ **Stay-Away Order**
    a. ☐ I agree to the order requested.
    b. ☐ I do not agree to the order requested,   ☐ but I would agree to: _____
_____
*(Specify your reasons in item 25, page 5, of this form.)*

**(8)** ☐ **Move-Out Order**
    a. ☐ I agree to the order requested.
    b. ☐ I do not agree to the order requested,   ☐ but I would agree to: _____
_____
*(Specify your reasons in item 25, page 5, of this form.)*

**(9)** **Guns or Other Firearms or Ammunition**
    *If you were served with Form DV-110, Temporary Restraining Order, you must turn in any guns or firearms in your immediate possession or control. You must file a receipt with the court from a law enforcement agency or a licensed gun dealer within 48 hours after you received Form DV-110.*
    a. ☐ I do not own or have any guns or firearms.
    b. ☐ I ask for an exemption from the firearms prohibition under Family Code section 6389(h) because *(specify):* _____
    c. ☐ I have turned in my guns and firearms to law enforcement or sold them to, or stored them with, a licensed gun dealer. A copy of the receipt showing that I turned in, sold, or stored my firearms *(check all that apply):*
        ☐ is attached   ☐ has already been filed with the court.

**(10)** ☐ **Record Unlawful Communications**
    a. ☐ I agree to the order requested.
    b. ☐ I do not agree to the order requested,   ☐ but I would agree to: _____
_____
*(Specify your reasons in item 25, page 5, of this form.)*

**(11)** ☐ **Care of Animals**
    a. ☐ I agree to the order requested.
    b. ☐ I do not agree to the order requested,   ☐ but I would agree to: _____
_____
*(Specify your reasons in item 25, page 5, of this form.)*

**This is not a Court Order.**

**Response to Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

Case Number:

**(12)** ☐ **Child Custody and Visitation**
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested. *(Specify your reasons in item 25, page 5, of this form.)*
- c. ☐ I am not the parent of the child listed in Form DV-105, *Request for Child Custody and Visitation Orders.*
- d. ☐ I ask for the following custody order *(specify):* _____
  _____
- e. ☐ I do ☐ I do not    agree to the orders requested to limit the child's travel as listed in Form DV-108,
  *Request for Order: No Travel with Children.*

*You and the other parent may tell the court that you want to be legal parents of the children (use Form DV-180,* Agreement and Judgment of Parentage*).*

**(13)** ☐ **Child Support** *(Check all that apply):*
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested. *(Specify your reasons in item 25, page 5, of this form.)*
- c. ☐ I agree to pay guideline child support.

*Whether or not you agree to pay support, you must fill out, serve, and file* Form FL-150*, Income and Expense Declaration, or* Form FL-155*, Financial Statement (Simplified).*

**(14)** ☐ **Property Control**
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
  _____
  *(Specify your reasons in item 25, page 5, of this form.)*

**(15)** ☐ **Debt Payment**
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
  _____
  *(Specify your reasons in item 25, page 5, of this form.)*

**(16)** ☐ **Property Restraint**
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
  _____
  *(Specify your reasons in item 25, page 5, of this form.)*

**(17)** ☐ **Spousal Support**
- a. ☐ I agree to the order requested.
- b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
  _____
  *(Specify your reasons in item 25, page 5, of this form.)*

*Whether or not you agree, you must fill out, serve, and file* Form FL-150*, Income and Expense Declaration.*

**This is not a Court Order.**

**Response to Request for Domestic Violence
Restraining Order
(Domestic Violence Prevention)**



Case Number: _____

(18) ☐ **Rights to Mobile Device and Wireless Phone Account**
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*

(19) ☐ **Insurance**
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*

(20) ☐ **Lawyer's Fees and Costs**
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*
     c. ☐ I request the court to order payment of my lawyer's fees and costs.
     *Whether or not you agree, you must fill out, serve, and file Form FL-150, Income and Expense Declaration.*

(21) ☐ **Payments for Costs and Services**
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*

(22) ☐ **Batterer Intervention Program**
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*

(23) ☐ **Other Orders** *(see item 22 on Form DV-100)*
     a. ☐ I agree to the order requested.
     b. ☐ I do not agree to the order requested,    ☐ but I would agree to: _____
     _____
     *(Specify your reasons in item 25, page 5, of this form.)*

(24) ☐ **Out-of-Pocket Expenses**
     I ask the court to order payment of my out-of-pocket expenses because the temporary restraining order was issued without enough supporting facts. The expenses are:
     Item: _____    Amount: $ _____    Item: _____    Amount: $ _____
     *You must fill out, serve, and file Form FL-150, Income and Expense Declaration.*

**This is not a Court Order.**

Case Number:

(25) ☐ **Reasons I Do Not Agree to the Orders Requested**

Explain your answers to each of the orders requested *(give specific facts and reasons):*

☐ *Check here if there is not enough space below for your answer. Put your complete answer on an attached sheet of paper and write, "DV-120, Reasons I Do Not Agree" as a title.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(26) Number of pages attached to this form, if any: _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____
*Type or print your name*

▶ _____
*Sign your name*

Date: _____

_____
*Lawyer's name, if you have one*

▶ _____
*Lawyer's signature*

**This is not a Court Order.**

**Response to Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

Exhibit D

## DV-130 Restraining Order After Hearing (Order of Protection)

☐ **Original Order**    ☐ _____ **Amended Order**

*Clerk stamps date here when form is filed.*

**① Name of Protected Person:**

_____

Your lawyer in this case *(if you have one):*
Name: _____ State Bar No.: _____
Firm Name: _____
**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: _____
City: _____ State: _____ Zip: _____
Telephone: _____ Fax: _____
E-Mail Address: _____

*Fill in court name and street address:*
**Superior Court of California, County of**

*Clerk fills in case number when form is filed.*
**Case Number:**

**② Name of Restrained Person:**

_____

**Description of restrained person:**

Sex: ☐ M ☐ F   Height: _____  Weight: _____  Hair Color: _____  Eye Color: _____
Race: _____  Age: _____  Date of Birth: _____
Mailing Address *(if known):* _____
City: _____  State: _____  Zip: _____
Relationship to protected person: _____

**③ ☐ Additional Protected Persons**
In addition to the person named in ①, the following persons are protected by orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-130, Additional Protected Persons," as a title.*

**④ Expiration Date**
The orders, except as noted below, end on

*(date):* _____ at *(time):* _____  ☐ a.m. ☐ p.m. or ☐ midnight

• *If no date is written, the restraining order ends three years after the date of the hearing in item ⑤(a).*
• *If no time is written, the restraining order ends at midnight on the expiration date.*
• *Note: Custody, visitation, child support, and spousal support orders remain in effect after the restraining order ends. Custody, visitation, and child support orders usually end when the child is 18.*
• **The court orders are on pages 2, 3, 4, and 5 and attachment pages (if any).**

**This order complies with VAWA and shall be enforced throughout the United States. See page 5.**

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq. Approved by DOJ

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

**DV-130**, Page 1 of 7
→

Case Number: _____

---

**(5) Hearings**

  a. The hearing was on *(date):* _____ with *(name of judicial officer):* _____

  b. These people were at the hearing *(check all that apply):*
- ☐ The person in ①    ☐ The lawyer for the person in ①*(name):* _____
- ☐ The person in ②    ☐ The lawyer for the person in ②*(name):* _____

  c. The people in ① and ② must **return to Dept.** _____ **of the court** on (date): _____
    at *(time):* _____ ☐ a.m. ☐ p.m. to review *(specify issues):* _____

---

**To the person in ❷ :**

**The court has granted the orders checked below. Item ⑨ is also an order. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

**(6) ☐ Personal Conduct Orders**

  a. The person in ② must **not** do the following things to the protected people in ① and ③:

- ☐ Harass, attack, strike, threaten, assault *(sexually or otherwise)*, hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise)*, or block movements.
- ☐ Contact, either directly or indirectly, by any means, including, but not limited to, by telephone, mail, e-mail, or other electronic means.
- ☐ Take any action, directly or through others, to obtain the addresses or locations of any protected persons. *(If this item is not checked, the court has found good cause not to make this order.)*

  b. Peaceful written contact through a lawyer or process server or another person for service of legal papers related to a court case is allowed and does not violate this order.

  c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(7) ☐ Stay-Away Order**

  a. The person in ② **must** stay at least *(specify):* _____ yards away from *(check all that apply):*
- ☐ The person in ①      ☐ School of person in ①
- ☐ Home of person in ①      ☐ The persons in ①
- ☐ The job or workplace of person in ①      ☐ The child(ren)'s school or child care
- ☐ Vehicle of person in ①      ☐ Other *(specify):* _____

  b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

**(8) ☐ Move-Out Order**

  The person in ② must move out immediately from *(address):* _____

**(9) No Guns or Other Firearms or Ammunition**

  a. The person in ② cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

---

**This is a Court Order.**

Case Number:

**(9)**  b.  The person in **(2)** must:
  - Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within his or her immediate possession or control. Do so within 24 hours of being served with this order.
  - Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, sold, or stored. (*Form DV-800, Proof of Firearms Turned In, Sold, or Stored,* may be used for the receipt.) Bring a court filed copy to the hearing.

  c.  ☐ The court has received information that the person in **(2)** owns or possesses a firearm.
  d.  ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Family Code section 6389(h). Under California law, the person in **(2)** is not required to relinquish this firearm (*specify make, model, and serial number of firearm*): _____
  The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in **(2)** may be subject to federal prosecution for possessing or controlling a firearm.

**(10)**  ☐ **Record Unlawful Communications**
  The person in **(1)** has the right to record communications made by the person in **(2)** that violate the judge's orders.

**(11)**  ☐ **Care of Animals**
  The person in **(1)** is given the sole possession, care, and control of the animals listed below. The person in **(2)** must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals: _____
  _____

**(12)**  ☐ **Child Custody and Visitation**
  Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or (*specify other form*): _____

**(13)**  ☐ **Child Support**
  Child support is ordered on the attached Form FL-342, *Child Support Information and Order Attachment* or (*specify other form*): _____

**(14)**  ☐ **Property Control**
  Only the person in **(1)** can use, control, and possess the following property: _____
  _____

**(15)**  ☐ **Debt Payment**
  The person in **(2)** must make these payments until this order ends:
  Pay to: _____ For: _____ Amount: $ _____ Due date: _____
  Pay to: _____ For: _____ Amount: $ _____ Due date: _____
  Pay to: _____ For: _____ Amount: $ _____ Due date: _____
  ☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write* "DV-130, Debt Payments" *as a title.*

**(16)**  ☐ **Property Restraint**
  The ☐ person in **(1)** ☐ person in **(2)**  must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, the person must notify the other of any new or big expenses and explain them to the court. (*The person in* **(2)** *cannot contact the person in* **(1)** *if the court has made a* "*No-Contact*" *order.*)
  Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2016     **Restraining Order After Hearing (CLETS—OAH)**     DV-130, Page 3 of 7
**(Order of Protection)**
**(Domestic Violence Prevention)**     →

| Case Number: |
|---|

**(17)** ☐ **Spousal Support**
Spousal support is ordered on the attached Form FL-343, *Spousal, Partner, or Family Support Order Attachment* or *(specify other form):* _____

**(18)** ☐ **Rights to Mobile Device and Wireless Phone Account**

**a.** ☐ **Property Control of Mobile Device and Wireless Phone Account**
Only the person in ① can use, control, and possess the following property:
Mobile device *(describe)* _____ and account *(phone number):* _____
Mobile device *(describe)* _____ and account *(phone number):* _____
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-130 Rights to Mobile Device and Wireless Phone Account" as a title.*

**b.** ☐ **Debt Payment**
The person in ② must make these payments until this order ends:
Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

**c.** ☐ **Transfer of Wireless Phone Account**
The court has made an order transferring one or more wireless service accounts from the person in ② to the person in ①. These orders are contained in a separate order (Form DV-900).

**(19)** ☐ **Insurance**
☐ The person in ①   ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20)** ☐ **Lawyer's Fees and Costs**
The person in ② must pay the following lawyer's fees and costs:
Pay to: _____ For: _____ Amount: $ _____ Due date: _____
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**(21)** ☐ **Payments for Costs and Services**
The person in ② must pay the following:
Pay to: _____ For: _____ Amount: $ _____ Due date: _____
Pay to: _____ For: _____ Amount: $ _____ Due date: _____
Pay to: _____ For: _____ Amount: $ _____ Due date: _____
☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write "DV-130, Payments for Costs and Services" as a title.*

**(22)** ☐ **Batterer Intervention Program**
The person in ② must go to and pay for a 52-week batterer intervention program and show written proof of completion to the court. This program must be approved by the probation department under Penal Code § 1203.097. The person in ② must enroll by *(date):* _____ or if no date is listed, must enroll within 30 days after the order is made. The person in ② must complete, file and serve Form 805, Proof of Enrollment for Batterer Intervention Program.

**(23)** ☐ **Other Orders**
Other orders *(specify):* _____
_____
_____

**(24)** ☐ **No Fee to Serve (Notify) Restrained Person**
If the sheriff or marshal serves this order, he or she will do it for free.

**This is a Court Order.**

Case Number: _____

**(25) Service**

a. ☐ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

b. ☐ The person in ① was at the hearing on the request for original orders. The person in ② was not present.

    (1) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are the same as in Form DV-110 except for the end date. The person in ② must be served. This order can be served by mail.

    (2) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are different from the orders in Form DV-110, or Form DV-110 was not issued. The person in ② must be personally "served" (given) a copy of this order.

c. ☐ Proof of service of Form FL-300 to modify the orders in Form DV-130 was presented to the court.

    (1) ☐ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

    (2) ☐ The person in ☐ ① ☐ ② was not at the hearing and must be personally "served" (given) a copy of this amended order.

**(26) ☐ Criminal Protective Order**

a. ☐ Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.

    Case Number: _____ County: _____ Expiration Date: _____

b. ☐ Other Criminal Protective Order in effect *(specify):* _____

    Case Number: _____ County: _____ Expiration Date: _____

    *(List other orders on an attached sheet of paper. Write* "DV-130, Other Criminal Protective Orders" *as a title.)*

c. ☐ No information has been provided to the judge about a criminal protective order.

**(27) ☐ Attached pages are orders.**

- Number of pages attached to this seven-page form: _____
- All of the attached pages are part of this order.
- Attachments include *(check all that apply):*

    ☐ DV-140 ☐ DV-145 ☐ DV-150 ☐ FL-342 ☐ FL-343 ☐ DV-900

    ☐ Other *(specify):* _____

_____

Date: _____          _____
                                                    *Judge (or Judicial Officer)*

**Certificate of Compliance With VAWA**

This restraining (protective) order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

**This is a Court Order.**

Revised July 1, 2016          **Restraining Order After Hearing (CLETS—OAH)**          **DV-130**, Page 5 of 7
                                  **(Order of Protection)**          →
                           **(Domestic Violence Prevention)**

Case Number:

## Warnings and Notices to the Restrained Person in ❷

### If you do not obey this order, you can be arrested and charged with a crime.

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You cannot have guns, firearms, and/or ammunition.



**You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. Unless the court grants an exemption, you must sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect. Even if exempt under California law, you may be subject to federal prosecution for possessing or controlling a firearm.**

## Instructions for Law Enforcement

### Start Date and End Date of Orders

The orders *start* on the earlier of the following dates:

- The hearing date in item ⑤ (a) on page 2, or
- The date next to the judge's signature on this page.

The orders *end* on the expiration date in item ④ on page 1. If no date is listed, they end three years from the hearing date.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

### Notice/Proof of Service

Law enforcement must first determine if the restrained person had notice of the orders. If notice cannot be verified, the restrained person must be advised of the terms of the orders. If the restrained person then fails to obey the orders, the officer must enforce them. (Fam. Code, § 6383.)

Consider the restrained person "served" (notified) if:

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer. (Fam. Code, § 6383; Pen. Code, § 836(c)(2).) An officer can obtain information about the contents of the order in the Domestic Violence Restraining Order System (DVROS). (Fam. Code, § 6381(b)-(c).)

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

| Case Number: |
| --- |

## Child Custody and Visitation

The custody and visitation orders are on Form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

## Enforcing the Restraining Order in California

Any law enforcement officer in California who receives, sees, or verifies the orders on a paper copy, in the California Law Enforcement Telecommunications System (CLETS), or in an NCIC Protection Order File must enforce the orders.

## Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced in the following priority (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (Form EPO-001) and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

---

*(Clerk will fill out this part.)*

### —Clerk's Certificate—

*Clerk's Certificate*
*[seal]*

I certify that this *Restraining Order After Hearing (Order of Protection)* is a true and correct copy of the original on file in the court.

Date: _____ Clerk, by _____, Deputy

> This is a Court Order.