UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH SWEENEY,

    Plaintiff,

  v.

TANI CANTIL-SAKAUYE, et al.,

    Defendants.

Case No. 17-cv-02777-RS

**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

For the last few years, plaintiff Joseph Sweeney has been involved in ongoing state court domestic relations litigation. On more than one occasion, he has sought to challenge elements of those proceedings in federal court. Most recently, in May 2017, he filed this lawsuit alleging that California's Domestic Violence Prevention Act ("DVPA"), Cal. Fam. Code §§ 6200 *et seq*. and other related statues are unconstitutional. He now seeks a temporary restraining order and/or preliminary injunction prohibiting Chief Justice Tani Cantil-Sakauye and Attorney General Xavier Becerra and their agents from enforcing the laws challenged in his complaint. For the reasons that follow, Sweeney's application is denied.

A request for a temporary restraining is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, as a form of preliminary injunctive relief, a temporary restraining order is an "extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has clarified that courts in this circuit should

evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.").

No matter how he frames his case, Sweeney cannot satisfy this test. In his complaint, Sweeney alleges that the challenged statutes are unconstitutional on their face and as applied. In support of his application for preliminary relief, Sweeney focuses on the harm he will allegedly suffer absent the requested injunction. These harms relate entirely to his ongoing domestic violence proceedings. *See* Dkt. No. 20-1 at 34 ("Plaintiff risks losing custody of his daughter, having his rights to free speech, movement, and association further restrained, suffering over $100,000 in additional sanctions, having his daughter's last name changed, having orders issued against him that will put him at even greater risk of being jailed, further damaging his business, and putting him in a position where his speech will be so restrained that he will not be able to pursue meaningful activism.")[1] As noted in his earlier federal case, however, abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971) where Sweeney's federal claims would have the practical effect of interfering with ongoing state court proceedings. *See Sweeney v. Contra Costa County Superior Court*, No. 16-4683-HSG, Dkt. No. 15 at 3. Moreover, as defendants note, Sweeney's claim of harm is speculative because the result of the ongoing state court proceedings is unknown and, even if future matters are resolved against him, Sweeney will have access to review within the state court system. An injunction is not supported by Sweeney's as-applied challenge.

While Sweeney alleges a facial challenge to the DVPA in his complaint, that theory does

---

[1] Sweeney also appears to claim he faces "irreparable harm" flowing from past state court orders entered against him. *See, e.g.*, Dkt. No. 20-1 at 34 (he is being "restrained from talking about life-changing events"). Again as noted in Sweeney's earlier federal case, the *Rooker Feldman* doctrine bars any federal claims which would have the effect of overturning a previously entered state court judgment. *See Sweeney*, No. 16-4683-HSG, Dkt. No. 15 at 3. Sweeney insists that he seeks only to enjoin future enforcement of the DVPA, but the relief sought in his complaint is not so narrowly tailored. He asks this court to declare the challenged provisions of the DVPA unconstitutional and enjoin defendants from enforcing them. *See* Complaint, Prayer for Relief at ¶¶ 1-3.

not seem to be the basis for this motion. Indeed, in his application for preliminary relief, Sweeney does not cite to any irreparable injury separate and apart from injury arising from his ongoing state court proceedings. *See* Dkt. No. 20-1 at 26, 34. He states, in passing, that "thousands of other similarly situated also face irreparable harm," but fails to elaborate further. *Id.* at 34. In his preliminary opposition to defendants' motion to dismiss, Sweeney suggests that the alleged loss of constitutional protections alone constitutes irreparable injury. Even if he had made such argument in his application for preliminary relief, and assuming the above-mentioned abstention doctrines do not bar his facial challenge, Sweeney still has not established that preliminary relief is appropriate. The relief Sweeney seeks—i.e., prohibiting defendants from continuing to enforce the challenged laws and from using Judicial Council Forms based on those laws—goes well beyond maintaining the status quo. Such mandatory injunctions are "particularly disfavored," *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979), and courts generally deny such relief "unless the facts and law clearly favor the moving party." *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Sweeney has failed to show that the facts and law "clearly favor" his position. As defendants note, "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). At this juncture, Sweeney has not set out a sufficiently compelling case to justify disrupting the entire practice of family law across the state of California before the parties have had an opportunity fully to brief the questions presented.

For the aforementioned reasons, Sweeney's request for a temporary restraining order is denied, as is his request for an order to show cause why a preliminary injunction should not issue. Arguments related to the merits of Sweeney's claims will be considered in conjunction with defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: August 16, 2017

_____
RICHARD SEEBORG
United States District Judge